Cite as 2020 Ark. App. 168

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-19-574

| | |
|---|---|
| IN THE MATTER OF THE ADOPTION OF H.G.W., A MINOR | **Opinion Delivered:** March 11, 2020 |
| JERRY UTLEY | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRTEENTH DIVISION |
| APPELLANT | [NO. 60PR-18-943] |
| V. | |
| CHAD WESTBROOK | HONORABLE W. MICHAEL REIF, JUDGE |
| APPELLEE | |
| | REVERSED AND REMANDED |

## BART F. VIRDEN, Judge

Jerry Utley appeals the Pulaski County Circuit Court decision that his consent to the adoption of his biological daughter, H.G.W. (05/22/12), is not required. We agree with his argument that the circuit court erred by admitting and relying on unauthenticated hearsay evidence, and we reverse and remand.

Because our holding in this appeal is narrowly focused on the evidentiary issue, it is not necessary to relate all the facts of the lengthy case history. Teri Gwin Westbrook (Gwin) and Utley are the biological parents of H.G.W. In October 2011, Gwin was granted an order of protection against Utley. In December, while Gwin was pregnant with H.G.W., Utley was charged with terroristic threatening and aggravated assault on a family or household member for assaulting Gwin. Utley pleaded guilty to aggravated assault and was sentenced to eight years' imprisonment in the Arkansas Department of Correction (ADC),

with three years suspended. As a condition of the suspended sentence, Utley was ordered to have no contact with Gwin. Utley was released on February 15, 2013.

On October 30, 2013, Utley filed a petition to establish paternity, and the court entered the decree of paternity on February 20, 2014.[1] In the paternity case, the court ordered Gwin and Utley to attend counseling. Utley filed a motion for contempt asserting that Gwin refused to attend joint counseling. Gwin responded that there was a no-contact order in place and that she did not want to attend counseling with Utley because he had been violent toward her in the past. The motion for contempt was denied. The court ordered both parties to undergo psychological evaluation by Dr. Dawn Doray, and on June 8, Dr. Doray completed her evaluation. In November 2015, after Gwin had paid her half the cost of the evaluation, Dr. Doray released the report to both parties' counsel via email. On September 26, 2017, the circuit court sent a letter to Utley's counsel informing him that there had been no activity in the paternity case for over twelve months, and his case would be dismissed within two weeks if no action was taken. No action was taken, and the paternity case was dismissed on October 25.

Gwin and Chad Westbrook married, and on May 10, 2018, Westbrook filed a petition to adopt H.G.W. asserting that Utley's consent was not required because for a period of at least one year, Utley failed significantly without justifiable cause to communicate with H.G.W. or provide for her care and support. Utley responded that his consent to

---

[1]Case number 60DR–13–4641

2

adoption was required because there were obstacles to his communicating with H.G.W. and Gwin, and he had justifiable cause for failing to communicate with and support H.G.W.

The court held a hearing on the matter. Gwin testified that during the paternity case, she and Utley were ordered to undergo psychological evaluations with Dr. Doray. Gwin explained that after the evaluations were complete, Dr. Doray prepared a report setting forth the requirements for Utley to obtain visitation and sent the report via email to the parties' counsel. Utley objected to the admission of Dr. Doray's report on the ground that it was unauthenticated hearsay and that neither Utley nor his counsel had seen the report. Gwin responded that the report was an exception to hearsay because it was that of a court-appointed expert. The court conditionally admitted the report to later rule on the hearsay objection. After further objection, the court admitted the report, ruling that it was admissible because Dr. Doray was a court-ordered expert. Gwin testified that the report recommended that Utley work with a therapist on interpersonal difficulties, remain substance-free, and comply with the conditions of his parole. Gwin explained that she never requested that Utley pay child support and that she believes he is a dangerous person for H.G.W. to be around because he had been abusive. Gwin testified that she had not spoken to Utley in six years. Utley contended that he never saw Dr. Doray's report and did not know if he had complied with it because he did not know what she recommended. Later, he testified that his attorney had given him a summary of Dr. Doray's report during a telephone conversation but that he had never given him a copy of the report. Utley's girlfriend, Stephanie Melton,

3

testified that Utley had told her about the report and that she believed he was going to counseling to comply with Dr. Doray's recommendation.

On November 26, 2018, the court entered the order granting Westbrook's petition for adoption, finding that Utley's consent to H.G.W.'s adoption was not required because for a period of at least one year he had failed significantly without justifiable cause to communicate with H.G.W. The circuit court found that in November 2015, Dr. Doray's report had been provided to Utley and Gwin through counsel. The court stated that in the report, Dr. Doray recommended that to obtain visitation, Utley must meet with a therapist to address his aggressiveness and interpersonal difficulties, remain substance-free, and be ready to address any questions H.G.W. had about his lack of contact with her and his past behavior toward Gwin. The court determined that Utley had not completed Dr. Doray's recommendations, and it did not find credible Utley's assertions that he never saw the report, he only spoke to his attorney about the report one time, and he would have complied with the report if he had been aware of it. The court found that Utley was aware of the contents of Dr. Doray's report and did nothing.  Specifically, the circuit court found the following:

> 43. In the present case, the Court acknowledges that Utley had obstacles that initially precluded him from contacting the minor child; however, those obstacles were removed two-and-one-half years prior to the Petition for Adoption being filed and in that time Utley did nothing to try and set visitation in the Paternity Case.

> 44.  The last no contact order expired on May 22, 2013. Utley filed a petition to establish paternity on October 30, 2013. Utley filed another pleading on May 6, 2014 to attempt to secure supervised visitation. That request was initially denied pending recommendations of Dr. Doray. Dr. Doray provided a copy of her report and recommendations to counsel for both Utley and Gwin on November 9, 2015. At a minimum, Utley was aware of the existence of a report

4

and the recommendations but arbitrarily chose to do nothing until the Petition for Adoption was filed on May 10, 2018. In other words, Utley did not take any of the steps available to him for over two-and-one-half years prior to the Petition for Adoption being filed. After the required period of one year has passed, resumption of any efforts after the commencement of the adoption proceeding is not sufficient to bar an adoption. *Pender v. McKee*, 266 Ark. 18, 582 S.W. 2d 929 (1979).

Utley filed a motion to reconsider, and the circuit court denied the motion. Utley timely filed a notice of appeal. On appeal, he argues that the circuit court erred (1) in not finding that obstacles prevented him from significantly contacting or supporting H.G.W.; and (2) by admitting Dr. Doray's report because it was unauthenticated hearsay evidence. We agree with Utley's second argument; accordingly, we reverse and remand for further proceedings consistent with this opinion.

It is well settled that challenges to the admissibility of evidence are left to the sound discretion of the circuit court, and a circuit court's ruling on these matters will not be reversed unless there has been an abuse of discretion. *Kauffeld v. State*, 2017 Ark. App. 440, 528 S.W.3d 302. Nor will we reverse absent a showing of prejudice. *Id*.

The court, on motion of any party or its own motion, may appoint an expert witness of its own selection. The court-appointed expert shall be subject to cross-examination. Ark. R. Evid. 706(a). Authentication of a document is a condition precedent to admissibility. *Donley v. Donley*, 2016 Ark. 243, at 13, 493 S.W.3d 762, 770. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims." Ark. R. Evid. 901(a). Rule 901 further provides that the testimony of a witness

with knowledge that a matter is what it is claimed to be is sufficient to authenticate evidence. Ark. R. Evid. 901(b)(1).

Here, the court-appointed expert in the separate paternity case, Dr. Doray, evaluated the parties and compiled a report recommending steps for Utley to attain visitation with H.G.W. The report, admitted during Gwin's testimony, was attached to an email sent to the parties' attorneys in the paternity case.[2] Utley objected to the report's admission, arguing that it was unauthenticated hearsay, and the court admitted the evidence on the ground that the report was that of a court-appointed expert.

Gwin did not have sufficient knowledge of the report to testify to its authenticity; thus, the report was improperly admitted. Westbrook argues that the report is an exception to hearsay and admissible as a record of regularly conducted business activity. *See* Ark. R. Evid. 803(6). We do not agree. Even under this exception, the report must be authenticated "by the testimony of the custodian or other qualified witness." *Id.*

In *Branscomb v. State*, 299 Ark. 482, 774 S.W.2d 426 (1989), the appellant pleaded not guilty by reason of insanity to the charges against him, and the court ordered a psychiatric evaluation. At a preliminary hearing, Branscomb asked the court to take judicial notice of the psychiatric evaluation and to admit it for purposes of the preliminary hearing only. Our supreme court held that the psychiatric evaluation, which might otherwise have

---

[2]Utley hired new counsel to represent him in the adoption case. Westbrook retained the same attorney who represented Gwin in the paternity case to represent him in the adoption case.

been admissible under the business-records exception to the hearsay rule, was correctly deemed inadmissible because the defendant failed to lay a foundation for its admission by testimony of the custodian or other qualified witness. Here, neither Dr. Doray nor another qualified witness or custodian testified to the report's authenticity, and the circuit court abused its discretion by admitting the unauthenticated report.

Utley has also demonstrated the second prong of the required analysis—whether he suffered prejudice because of the admission of the report. The circuit court relied heavily on Dr. Doray's report and Utley's failure to comply with the recommendations therein. Westbrook argues that the circuit court could have reached the same conclusion without relying on the report and that "the main issue is not the content of the report as much as what the appellant needed to do based on the recommendation of Dr. Doray." Westbrook's point is not well taken. The steps required of Utley to obtain visitation with H.G.W. are contained in Dr. Doray's report, and the court found that "[t]he appellant was specifically told by the court-appointed expert what he needed to do to have visitation with his daughter," "he had a duty to read and follow the recommendations of Dr. Doray," and "[n]owhere in this record will this court find that appellant was prevented from following the roadmap, the simple three-step process laid out for him." Even the circuit court's findings that at first blush appear to be an independent basis for its determination that Utley's consent to adoption was not required ultimately refer to the report. Namely, the court measures the two-and-a-half-year period of Utley's inactivity from November 2015 (the date of the release of the report) to May 2018 (the filing of the petition for adoption). Simply

put, Dr. Doray's report is inextricable from the circuit court's decision; thus, the error in admitting it without proper authentication was not harmless.

We reverse and remand this case to the circuit court for further proceedings consistent with this opinion. Because we reverse on the evidentiary issue, we decline to address Utley's remaining argument that the circuit court erred in finding that obstacles prevented him from significantly contacting or supporting H.G.W.

Reversed and remanded.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Alexander Law Firm*, by: *Daniel C. Brock*; and *Holland Law, P.A.*, by: *Anna Holland*, for appellant.

*LaCerra, Dickson, Hoover & Rogers, PLLC*, by: *Traci LaCerra*, for appellee.